1
JONES DAY
Amanda C. Sommerfeld, Bar No. 185052
2
asommerfeld@jonesday.com
555 South Flower Street, Fiftieth Floor
3
Los Angeles, California  90071.2452
Telephone:     +1.213.489.3939
4
Facsimile:      +1.213.243.2539

5
Patricia T. Stambelos (SBN 166998)
patricia@patriciastambelos.com
6
STAMBELOS LAW OFFICE
543 Country Club Drive, Suite B209
7
Simi Valley, California  93065
Telephone:     +1.805.578.3474
8
Facsimile:     +1.805.994.0199

9
Attorneys for Defendant
SKYWEST AIRLINES, INC.
10

11
SUPERIOR COURT OF THE STATE OF CALIFORNIA

12
COUNTY OF SAN MATEO

13

14
HARMONY A. WOOD, on behalf of herself and others similarly situated,

15
Plaintiff,

16
v.

17
SKYWEST AIRLINES, INC.,

18
Defendants.

19

| | |
|---|---|
| Case No. 25-CIV-00331 | |
| Assigned for all purposes to: Judge Nancy L. Fineman, Department 4 | |
| **DEFENDANT SKYWEST AIRLINES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** | |
| Date Action Filed: January 15, 2025 | |

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1    Defendant SkyWest Airlines, Inc. ("Defendant") hereby answers the unverified Complaint

2    ("Complaint") filed by Plaintiff Harmony A. Wood ("Plaintiff"), on behalf of herself and all other

3    similarly situated current and former employees in the above-captioned case as follows:

4    ## GENERAL DENIAL

5    Pursuant to California Code of Civil Procedure Section 431.30(b) and (d), Defendant

6    generally denies every allegation, statement, matter, and each purported cause of action in

7    Plaintiff's unverified Complaint. Without limiting the generality of the foregoing, Defendant

8    further generally denies that Plaintiff, or any of those she seeks to represent, have been damaged

9    in the manner or sums alleged, or in any way at all, and further denies that they, or any of them,

10    are entitled to any damages, interest, costs, and/or other relief prayed for in the Complaint by

11    reason of any act or omission of Defendant.

12    In filing this answer, Defendant expressly reserves the right to remove this case to federal

13    court on any grounds authorized by law.

14    ## AFFIRMATIVE DEFENSES

15    In further answer to the Complaint, Defendant asserts the following affirmative and other

16    defenses without admitting that Plaintiff or the putative class members have any right whatsoever

17    to the relief requested.  The defenses asserted below are based on Defendant's knowledge,

18    information, and belief at this time.  Defendant reserves the right to modify, amend, and/or

19    supplement any defense at a later time.  Further, all such defenses are pled in the alternative and

20    do not constitute an admission of liability or an admission that Plaintiff, or any of those she seeks

21    to represent, are entitled to any relief as required, or in any amounts, or at all.  Without conceding

22    that Defendant bears the burden of proof or persuasion as to any one of them, Defendant alleges

23    the following separate defenses to Plaintiff's Complaint and prays for judgment as set forth

24    below:

25    ## FIRST AFFIRMATIVE DEFENSE

26    (Failure to State a Claim)

27    The Complaint fails to allege facts sufficient to state a cause of action against Defendant

28    and further fails to allege facts sufficient to entitle Plaintiff, and/or those she seeks to represent, to

the relief sought, or to any other relief whatsoever from Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith/Lack of Willfulness)

Plaintiff is not entitled to any penalty award under any section of the California Labor Code, since at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation, meal period, rest period, working hours, reimbursement, wage statement, seating, and/or recordkeeping provisions of the California Labor Code or any other provisions of California law, but rather acted in good faith and had reasonable grounds for believing that they did not violate the operative provisions of the California Labor Code.

## THIRD AFFIRMATIVE DEFENSE

### (Release)

Plaintiff's claims, and the claims of those she seeks to represent, are barred by the doctrine of release to the extent that Plaintiff and/or some or all of those she seeks to represent have released all or portions of her purported claims against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims, and the claims of those she seeks to represent, are barred to the extent that they failed to properly exhaust available administrative remedies, and/or have otherwise failed to take those steps that are prerequisites to filing the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff's claims as to each and every putative class member are barred to the extent Plaintiff or any putative class member lacks standing to assert them, including, but not limited to, claims governed by a one-year statute of limitations, and there is no private right of action under the governing collective bargaining agreements. Additionally, Plaintiff lacks standing for claims she did not personally experience within the applicable statute of limitations, or as to claims on behalf of any job position that she did not personally work for Defendant.

///

1

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

2

(Set Off)

3    Defendant is entitled to set off any monies paid to Plaintiff and/or those she seeks to

4    represent by any source whatsoever with respect to the issues covered by this suit that are more

5    than amounts owed, if any.

6

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

7

(Statute of Limitations)

8    Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in

9    part, by applicable statutes of limitations.

10

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

11

(No Entitlement to Jury Trial—Certain Claims)

12    SkyWest alleges that Plaintiff is not entitled to a trial by jury on some of her claims,

13    including her claim under California Business and Professions Code sections 17200, *et seq.*

14

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

15

(*De Minimis* Time Periods)

16    Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in

17    part because the time periods for which Plaintiff is claiming entitlement fall within the *de minimis*

18    exception.

19

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

20

(Claim Splitting)

21    Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in

22    part by the doctrine of claim splitting, as Plaintiff has advanced claims arising from the same

23    alleged operative facts against Defendant in another proceeding.

24

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

25

(Preemption; Lack of Subject Matter Jurisdiction)

26    Plaintiff's claims, and the claims of those she seeks to represent, are preempted in whole

27    or in part by federal law, including, but not limited to, the Airline Deregulation Act, 49 U.S.C. §

28    41713, the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.*, the Federal Aviation Administration

Authorization Act, 49 U.S.C. § 14501, and by the principles of field preemption and conflict preemption.

## TWELFTH AFFIRMATIVE DEFENSE

### (Nullification of Contract)

Plaintiff's claims, and the claims of those she seeks to represent, are barred as they seek to nullify contractual agreements which were voluntarily and knowingly entered into, with consideration, and without duress.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Dormant Commerce Clause)

Plaintiff's claims, and the claims of those she seeks to represent, are barred under the Dormant Commerce Clause of the United States Constitution as they have the effect of enforcing California laws that are discriminatory to interstate commerce.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in part, by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in part, by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in part, by the doctrine of unclean hands.

- 4 -

Exhibit 3, Page 109

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith Reliance)

Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in part to the extent that any acts or omissions complained of by Plaintiff that are attributed to Defendant were in good faith and in conformity with, and in reliance on, an administrative regulation, order, ruling, approval, or interpretation of applicable state and federal law, or upon external facts upon which Defendant reasonably relied.

## NINETEENTH AFFIRMATIVE DEFENSE

(No Injunctive or Declaratory Relief; Balancing of Hardships)

Plaintiff or the putative class members are not entitled to injunctive or declaratory relief because the benefit of such relief, if any, is slight compared to the harm SkyWest will suffer if injunctive or declaratory relief is permitted.

## TWENTIETH AFFIRMATIVE DEFENSE

(Lack of Irreparable Harm)

Plaintiff or the putative class members are not entitled to injunctive or declaratory relief because neither he nor they will suffer any irreparable injury if injunctive or declaratory relief is declined, and for the reason that Plaintiff or the putative class members cannot show any irreparable injury.

## TWENTY FIRST AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

Plaintiff or the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

## TWENTY SECOND AFFIRMATIVE DEFENSE

(Railway Labor Act Exemption; California Overtime)

Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in part because they are subject to an RLA collective bargaining agreement and, under Wage Order 9(1)(E) and Wage Order 9(3)(N), are expressly exempt from California's overtime laws, including those under the Labor Code. *See* 8 C.C.R. § 11090(1)(E); *Collins v. Overnite*

- 5 -

1  *Transport. Co.*, 129 Cal. Rptr. 2d 254, 260 (Ct. App. 2003); *Angeles v. US Airways, Inc.*, 790

2  Fed. App'x 878, 880 (9th Cir. 2020) (Mem.). Further, Plaintiffs' claim for unpaid overtime wages

3  is barred under Cal. Code Regs. tit. 8, § 11090(3)(N), as Plaintiffs are expressly exempt from

4  California's overtime laws to the extent any Plaintiff or putative class member worked in excess

5  of 40 hours where such excess hours were voluntarily worked as part of a shift trade.

6  ### TWENTY THIRD AFFIRMATIVE DEFENSE

7  (Collective Bargaining Exemption; Meal and Rest Breaks)

8  Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in

9  part because they are subject to a collective bargaining agreement that satisfies the requirements

10  of Cal. Lab. Code § 512(e).

11  ### TWENTY FOURTH AFFIRMATIVE DEFENSE

12  (No Private Right of Action)

13  Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in

14  part because there is no private right of action for some or all of the relief she seeks.

15  ### TWENTY FIFTH AFFIRMATIVE DEFENSE

16  (Relieved From Duty)

17  Plaintiff's claims for violation of meal periods, and any derivative claims, are barred, in

18  whole or in part, because at all relevant times, and as to the group of employees that are entitled

19  to meal breaks under relevant law, Defendant relieved those employees of duty during meal

20  periods.

21  ### TWENTY SIXTH AFFIRMATIVE DEFENSE

22  (Avoidable Consequences)

23  Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in

24  part to the extent that any individual that Plaintiff seeks to represent failed to avoid harm that

25  could have been avoided with reasonable effort.  At all material times, Defendant took reasonable

26  steps to comply with its legal obligations, but some or all of the individuals that Plaintiff seeks to

27  represent failed to use the preventive and corrective measures provided.  Reasonable use of these

28  procedures would have prevented at least some of the harm that was allegedly suffered.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1

## **TWENTY SEVENTH AFFIRMATIVE DEFENSE**

2

(Legitimate Business Purpose; No Unfair Business Practice)

3    SkyWest is not liable for any violation of the Unfair Competition Law, California

4    Business and Professions Code section 17200 *et seq.*, because its actions or practices were not

5    unfair, unlawful, fraudulent or deceptive, and its conduct and dealings were lawful, as authorized

6    by applicable federal and state statutes, rules and regulations, and such actions, conduct and

7    dealings were carried out in good faith and for legitimate business practices.  Furthermore,

8    SkyWest did not set unlawful terms and conditions for Plaintiff or any putative class member.

9

## **RESERVATION OF RIGHTS**

10    The defenses asserted above are based on Defendant's knowledge, information, and belief

11    at this time.  Defendant has not knowingly or intentionally waived any applicable defenses and

12    reserves the right to assert, amend, supplement and/or rely on such other applicable defenses as

13    may later become available or apparent.  Defendant further reserves the right to amend its answer

14    and/or affirmative defenses accordingly and/or to disclaim affirmative defenses that it determines

15    are not applicable during subsequent discovery.

16

## **PRAYER FOR RELIEF**

17    WHERETOFORE, SkyWest prays as follows:

18    1.    That Plaintiff take nothing by reason of the Complaint;

19    2.    That no declaratory judgment shall issue as requested by Plaintiff;

20    3.    That no attorneys' fees be awarded to Plaintiff;

21    4.    That the Complaint be dismissed in its entirety with prejudice;

22    5.    That judgment be entered for SkyWest;

23    6.    That SkyWest shall recover all costs of suit and reasonable attorneys' fees incurred

24    herein; and

25    7.    For such other and further relief as the Court deems just and proper.

26

27

28

- 7 -

Exhibit 3, Page 112

1    Dated: February 12, 2025                    STAMBELOS LAW OFFICE

2                                                By:  /s/ Patricia T. Stambelos

3                                                     Patricia T. Stambelos

4                                                Attorneys for Defendant
                                                 SKYWEST AIRLINES, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## **PROOF OF SERVICE**

I, Stephanie Garrett, declare:

I am a citizen of the United States and employed in Los Angeles County, California..  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California  90071.2452.

On February 12, 2025, I served a copy of the within document(s):

**DEFENDANT SKYWEST AIRLINES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California.  addressed as set forth below.

☐      by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a  agent for delivery.

☐      by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐      BY ELECTRONIC SERVICE:  I electronically filed the document(s) with the Clerk of the Court by using the One Legal system.  Participants in the case who are registered One Legal users will be served by the One Legal system.  Participants in the case who are not registered One Legal users will be served by mail or by other means permitted by the court rules.

| | |
|---|---|
| Joseph Lavi, Esq.<br>Vincent C. Granberry, Esq.<br>Matthew Gustin, Esq.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Boulevard, Suite 200<br>Beverly Hills, California  90211<br>Tel: (310) 432-0000<br>Fax: (310) 432-0001<br>Email: jlavi@lelawfirm.com<br>      vgranberry@lelawfirm.com<br>      mgustin@lelawfirm.com | Attorneys for Plaintiff<br>HARMONY A. WOOD, on behalf of herself and others similarly situated |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

- 1 -

PROOF OF SERVICE

1   motion of the party served, service is presumed invalid if postal cancellation date or postage

2   meter date is more than one day after date of deposit for mailing in affidavit.

3       I declare under penalty of perjury under the laws of the State of California. that the above

4   is true and correct.

5       Executed on February 12, 2025, at Los Angeles, California.

6

7                                    */s/ Stephanie Garrett*

8                                         Stephanie Garrett

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

PROOF OF SERVICE